I concur specially because I am not persuaded that the severability of interests clause in the insurance contract is pertinent to a decision in this case.
However, I do find ambiguity in Exclusion B of Part II of the policy and further *Page 572 
find ambiguity when comparing Exclusion B with Exclusion D.
It is apparent that as a result of this Court's decisions respecting co-employee liability generally, we will be called upon to consider provisions of insurance contracts relating to this type of coverage. In Home Indemnity Co. v. Reed EquipmentCo., 381 So.2d 45 (Ala. 1980), the question of insurance coverage was considered in light of an agreement which provided:
"None of the following is an insured:
 "(i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment;"
In that case, this Court held that the provision excluded as an insured any employee who is sued by a co-employee as a result of bodily injuries sustained in the course of employment. The Court also found that for the purpose of the insurance policy, the executive officers of the corporation were considered "fellow employees" and therefore were not insureds according to the terms of the policy.